798 F.2d 1416
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eugene C. KNOX, Defendant-Appellant.
 No. 86-5673.
 United States Court of Appeals,
Sixth Circuit.
 July 29, 1986.
 
 Before KENNEDY, WELLFORD and BOGGS, Circuit Judges.
 
 
 1
 Defendant was convicted of willfully failing to file tax returns in violation of 26 U.S.C. Sec. 7203. He was sentenced to one year imprisonment upon the condition that he serve at least five months in a jail type institution and was fined $7,000.00. The remainder of the sentence was suspended and defendant was placed on five years probation to run consecutive to the sentence of imprisonment. The district court denied bail. It is from the order denying bail that defendant appeals.
 
 
 2
 Decisions regarding bail pending appeal are made in accordance with 18 U.S.C. Sec. 3143(b) which provides for the detention of a convicted defendant unless the court finds by clear and convincing evidence that he is not likely to flee or pose a danger to the community and, that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal or an order for a new trial. The burden of proving these facts is on the defendant. If a court finds against the defendant on any one of the criteria, the defendant will be detained. The district court found that although defendant was not likely to flee or pose a danger to the safety of any other person or the community, he does not raise a substantial question of law or fact likely to result in reversal or an order for a new trial.
 
 
 3
 Whether the defendant raises a substantial question is an issue of law which this Court will review de novo. United States v. Pollard, 778 F.2d 1177, 1182 (6th Cir.1985). A substantial question is a "close question or one that could go either way" and the question "is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." Id.
 
 
 4
 Upon consideration, we conclude that defendant's claim that the district court erred in admitting evidence that defendant did not properly assert the Fifth Amendment privilege is not substantial. Therefore, it is ORDERED that the district court's denial of bail is affirmed.